UNITED STATES of America, Plaintiff–Appellee,

v.

Elix Jermaine WADE, Defendant–Appellant.

No. 07–30089.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2007.*

Filed Dec. 6, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Hanlon, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Dan B. Johnson, Esq., Dan B. Johnson, P.S., Spokane, WA, for Defendant–Appellant.

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,** District Judge.

## MEMORANDUM ***

The defendant, Elix Jermaine Wade, appeals the district court's denial of his motion for new trial after his conviction for violation of 18 U.S.C. § 922(g)(1). We affirm.

■ The defendant first argues that he should be entitled to a new trial based on alleged prosecutorial misconduct due to vouching, improper arguments and improper attacks by the prosecution on the defense counsel. This argument is unavailing. As to vouching, the prosecution did attempt to bolster the credibility of its witness, Officer Raymond Aparicio, but through argument and not improper vouching. *U.S. v. Parker*, 241 F.3d 1114, 1119–20 (9th Cir.2001). The prosecution did not suggest that there was additional information not available to the jury that supported Aparicio's testimony. *Id.* The prosecution did not make improper arguments calculated to arouse the passions or prejudices of the jury. *U.S. v. Leon–Reyes*, 177 F.3d 816, 822 (9th Cir.1999). Nor did the prosecution improperly attack the defense counsel such that the fairness of the trial was materially affected. *U.S. v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005). The district court, therefore, did not abuse its discretion in denying the defendant's motion for a new trial based on prosecutorial misconduct.

■ The defendant next argues that he should be entitled to a new trial based on an alleged violation of his Fifth Amendment rights. This argument is also una-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vailing. Just a single statement was made regarding the defendant having exercised his right to remain silent, which the judge instructed the jury to disregard, and from which no inference of guilt from silence was stressed to the jury. *U.S. v. Hernandez,* 476 F.3d 791, 797 (9th Cir.2007). Further, there was other evidence demonstrating that the defendant's guilt was extensive. *Id.* The district court, therefore, did not abuse its discretion in denying the defendant's motion for a new trial based on violation of the defendant's Fifth Amendment rights.

The defendant lastly argues that he should be entitled to a new trial based on cumulative error. With no error on the part of the district court, however, this argument is inconsequential. *See United States v. Berry,* 627 F.2d 193, 200–01 (9th Cir.1980).

**AFFIRMED.**